UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS I. AMSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1085 AGF |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. Plaintiff brought this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking records related to a trust of which he is a beneficiary.[1] The only issue on summary judgment is whether defendant conducted an adequate search of its records. Defendant has submitted evidence that it conducted an adequate search for the requested records, and the search revealed that defendant does not possess any records responsive to plaintiff's request. Plaintiff has not submitted any evidence to the contrary. As a result, defendant is entitled to summary judgment.

Also before the Court are plaintiff's motion for issuance of subpoena, plaintiff's "reply to defendant's reply to plaintiff's reply to plaintiff's response to defendant's

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

motion for summary judgment and plaintiff's motion for summary judgment and plaintiff's new motion to allow defendant to respond to this reply," and defendant's motion for protective order. These motions will be denied.

**Background**

By hand-delivered letter dated May 1, 2008, plaintiff submitted a FOIA request to the Service Disclosure Office in St. Louis (the "Service"). The letter stated the following:

The specific documents I am requesting in this FOIA Request are:

(1) Form 706 Estate Tax for Payer Entity 43-xxxxxxx; and

(2) IRS audit information for Payer entity 43-xxxxxxx.

The number provided by plaintiff is the Employer Identification Number (EIN) of the Anna M. Bremer Revocable Living Trust, an indenture of trust executed on May 22, 1998. Plaintiff provided proof that he is a beneficiary of the trust and next of kin of Anna M. Bremer.

On May 2, 2008, Tina Haas, a Senior Disclosure Specialist with the Service, was assigned to work on plaintiff's FOIA request. Haas has been responsible for responding to FOIA requests since 2003. Haas's duties require knowledge and understanding of the provisions of the FOIA.

Upon being assigned to plaintiff's FOIA request, Haas began a search for responsive documents. Haas conducted searches using the Integrated Data Retrieval System (IDRS). IDRS is the Service's primary resource for researching current taxpayer account information. IDRS contains information pertaining to returns filed by taxpayers and information submitted with respect to taxpayers by third parties (such as Forms W-2 filed by employers, Forms 1099 filed by financial institutions, etc.). An individual taxpayer's account is retrieved by entering certain search terms, such as the taxpayer's last name, the Taxpayer Identification Number (social security number (SSN) or EIN), current address, or other information concerning the type of return filed or required to be filed. Once a taxpayer's account has been retrieved on IDRS, the location of tax returns and other paper documents can be determined.

In response to plaintiff's request for "IRS audit information for Payer entity 43-xxxxxxx," Haas conducted a search of the IDRS. Because plaintiff did not state a time period in which to search in his request, Haas searched the previous three years, as directed by the Internal Revenue Manual. There was no record of an audit being performed on the Trust in the previous three years.

With the permission of her supervisor, Haas then broadened her search to include all records for the trust. If there had been any audit activity for the Trust, the

broadened search should have revealed it. While her search revealed certain activity for the Trust (two filed income tax returns), it did not reveal any audit activity.[2]

In response to plaintiff's request for "Form 706 Estate Tax for Payer Entity 43-xxxxxxx", Haas conducted a search of the IDRS. Form 706, United States Estate Tax Return, is normally filed under the SSN of the decedent and not the EIN of a trust or other entity. The form also asks for the SSN of the executor of the estate.

Form 706 does not ask for any kind of EIN of a trust or other entity. Therefore, a search for a Form 706 filed using EIN 43-xxxxxxx (the EIN of the Trust) should not produce any responsive documents. Any estate tax return filed for decedent Anna M. Bremer would ordinarily be filed under her SSN and not the EIN of the trust. Nonetheless, Haas searched specifically for a Form 706 filed under the EIN of the trust, and her search revealed no responsive documents.

With the permission of her supervisor, Haas then performed another specific search for a Form 706 using the SSN of decedent Anna M. Bremer (which had previously been provided by plaintiff). The second search was designed to locate a

---

[2]Subsequent to commencing this action, Plaintiff filed an additional request under the FOIA for audit information for the Anna M. Bremer Revocable Living Trust, EIN: 43-xxxxxxx. In a letter dated January 7, 2009, the Service confirmed the results of its initial search and indicated that it has no record of audit information for the Trust.

Form 706 for Anna M. Bremer, had one been filed. The search did not produce any responsive documents.

Plaintiff did not provide any additional SSNs under which to search. For example, he did not include the SSN of the executor of the estate or Kathryn Amsinger, who he claims was the successor trustee.

**Standard**

"Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985). "In order to discharge this burden, the agency 'must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements.'" Id. at 1382-83 (quoting National Cable Television Ass'n, Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). "The adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., 'the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" Id. at 1383 (quoting Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "[T]he search need only be reasonable; it does not have to be

exhaustive. An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." Id. (citations omitted). Once the agency meets its burden of proving that its search was reasonable, the burden shifts to the requester to rebut the agency's evidence. Id. Additionally, claims outside of the FOIA request are not justiciable in a FOIA proceeding. See e.g., Hrones v. CIA, 685 F.2d 13, 19 (1st Cir. 1982).

**Discussion**

Defendant has introduced sufficient evidence to show that its search for the requested documents was reasonable. As a result, the burden is on plaintiff to show that the search was not reasonable or that it was not conducted in good faith.

Plaintiff argues that summary judgment is premature because he has not had an opportunity to make full discovery. Discovery, however, is "generally inappropriate" in FOIA cases. E.g., Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000). "Discovery may be appropriate when the plaintiff can raise sufficient question as to the agency's good faith in processing or in its search." Id. "Summary judgment without discovery is appropriate where the plaintiff has made no showing of agency bad faith sufficient to impugn the agency affidavit." Van Strum v. U.S. EPA, 680 F. Supp. 349, 352 (D. Or. 1987). In this action, plaintiff has not

provided any evidence suggesting that the search in this case was not made in good faith. As a result, plaintiff's argument fails.

Plaintiff also appears to argue that summary judgment is improper because of a recent Presidential Directive regarding the FOIA. <u>See</u> President Obama's <u>Memorandum for the Heads of Executive Departments and Agencies</u>, at http://www.whitehouse.gov/the_press_office/FreedomofInformationAct/ (last visited March 31, 2009). The Directive, however, has no impact on this case. First, it clearly states that it "does not create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Second, the Directive's presumption in favor of disclosure can only apply where an agency actually possesses records responsive to a citizen's FOIA request. As a result, this argument also fails.

Plaintiff also argues that summary judgment is premature because he has filed two additional FOIA requests with defendant. These requests, however, are not the subject of this lawsuit. As a result, this argument also fails.

The Court notes that plaintiff has conceded that "no 706 Estate Tax form was ever filed by Successor Trustee Kathryn Amsinger."

Defendant has shown that it has conducted a search reasonably calculated to uncover the documents requested by plaintiff. Plaintiff has failed to make any allegations or introduce any evidence showing that defendant did not conduct its search in good faith. As a result, defendant is entitled to summary judgment.

Additionally, plaintiff has filed a "Motion for Issuance of Subpoena." In the motion, plaintiff requests a subpoena to obtain a closed IRS criminal case file. The closed IRS criminal case file is not the subject of, nor is it relevant to, the complaint. As a result, plaintiff's motion will be denied.

Plaintiff has also filed a "reply to defendant's reply to plaintiff's reply to plaintiff's response to defendant's motion for summary judgment and plaintiff's motion for summary judgment and plaintiff's new motion to allow defendant to respond to this reply." This document appears to be a second attempt defeat defendant's motion for summary judgment. In this document, plaintiff accuses defendant of several things, including allowing Kathryn Amsinger to declare embezzled trust funds as her assets. The document, however, does not contain any admissible evidence. Additionally, several of the accusations plaintiff makes in the document are outside the scope of plaintiff's FOIA request. As a result, it is insufficient to defeat defendant's motion for summary judgment.

Finally, defendant has moved for a protective order prohibiting discovery in this case until the motion for summary judgment is ruled. Because the Court is granting defendant's motion for summary judgment, the motion for protective order is moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#29] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Issuance of Subpoena" [#33] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "reply to defendant's reply to plaintiff's reply to plaintiff's response to defendant's motion for summary judgment and plaintiff's motion for summary judgment and plaintiff's new motion to allow defendant to respond to this reply" [#36] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for protective order [#37] is **DENIED** as moot.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 1st day of April, 2009.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE